FILED
2015-CCL-00595
6/4/2015 1:41:29 PM
Sylvia Garza-Perez
Cameron County Clerk

NO. 2015-CCL-00595

| | | |
|---|---|---|
| VIVIANNA MARTINEZ<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT AT LAW |
| V. | §<br>§<br>§ | NO. 2 |
| ROBERT E. HAVERSTOCK AND<br>WERNER ENTERPRISES, INC.<br>Defendants. | §<br>§<br>§ | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES:

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Vivianna Martinez, hereinafter called Plaintiff, complaining of and about Robert E. Haverstock and Werner Enterprises, Inc., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.   Plaintiff, Vivianna Martinez, is an Individual whose address is 300 East Prim Rose, La Feria, Texas 78559.

3.   The last three numbers of Vivianna Martinez's driver's license number are 216.

4.   Defendant Robert E. Haverstock, an Individual who is a nonresident of Texas, has conducted business in the State of Texas. This action arises/ grows out of a collision or accident in which Defendant Robert E. Haverstock was involved while operating a motor vehicle in the State of Texas. Therefore, under Section 17.062 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made via a "private process server" serving the Chairman of the Texas Transportation Commission: Ted Houghton, Chairman Texas



Transportation Commission, 125 E. 11th Street Austin, Texas 78701-2483, and forwarded to Defendant's home or home office at 277 Trippany Road, Massena, New York 13662.

5. Defendant Werner Enterprises Inc., a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, William L. Clark, at 8601 Peterbilt Avenue, Dallas, Texas 75241, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. Plaintiff seeks:

   a. monetary relief over $1,000,000.

8. This court has jurisdiction over Defendant Werner Enterprises, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Werner Enterprises, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Furthermore, Plaintiff would show that Defendant Werner Enterprises, Inc. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

10. On or about November 5, 2014 on U.S. Highway 281 in Cameron County, Texas, the Defendant driver, Robert E. Haverstock, was operating a Kenworth motor vehicle when he

suddenly crashed in to the vehicle being driven by Plaintiff, Vivianna Martinez.

11. Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

12. On or about November 5, 2014 on U.S. Highway 281 in Cameron County, Texas, the Defendant driver, Robert E. Haverstock, was operating a Kenworth motor vehicle when he suddenly crashed in to the vehicle being driven by Plaintiff, Vivianna Martinez, causing her serious bodily injuries.

## PLAINTIFF'S
## CLAIM OF NEGLIGENCE AGAINST ROBERT E. HAVERSTOCK

13. Defendant Robert E. Haverstock had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

14. Plaintiff's injuries were proximately caused by Defendant Robert E. Haverstock's negligent, careless and reckless disregard of said duty.

15. The negligent, careless and reckless disregard of duty of Defendant Robert E. Haverstock consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant Robert E. Haverstock failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Defendant Robert E. Haverstock failed to turn his motor vehicle to the right or the left in an effort to avoid the collision complained of;

    C. In that Defendant Robert E. Haverstock failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant Robert E. Haverstock's motor vehicle which would permit Defendant

       Robert E. Haverstock to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

D.    In that Defendant Robert E. Haverstock failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

E.    In that Defendant Robert E. Haverstock was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

F.    In that Defendant Robert E. Haverstock failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

## PLAINTIFF'S CLAIM OF NEGLIGENCE PER SE AGAINST ROBERT E. HAVERSTOCK

16.    Defendant Robert E. Haverstock's conduct described herein constitutes an unexcused breach of duty imposed by the Texas Traffic Code.

17.    Defendant Rober E. Haverstock was given a citation for Failure to Control Speed by Texas DPS Officer Gilberto Davis

18.    Plaintiff is member of the class that the Texas Traffic Code was designed to protect.

19.    Defendant Robert E. Haverstock's unexcused breach of the duty imposed by the Texas Traffic Code proximately caused the Plaintiff's injuries described herein.

## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST WERNER ENTERPRISES, INC.

20.    At the time of the occurrence of the act in question and immediately prior thereto, Robert E. Haverstock was within the course and scope of employment for Defendant Werner Enterprises, Inc.

21.    At the time of the occurrence of the act in question and immediately prior thereto,

Robert E. Haverstock was engaged in the furtherance of Defendant Werner Enterprises, Inc.'s business.

22. At the time of the occurrence of the act in question and immediately prior thereto, Robert E. Haverstock was engaged in accomplishing a task for which Robert E. Haverstock was employed.

23. Plaintiff invokes the doctrine of Respondeat Superior as against Defendant Werner Enterprises, Inc.

## PLAINTIFF'S CLAIM OF
## NEGLIGENT ENTRUSTMENT AGAINST WERNER ENTERPRISES, INC.

24. On or about November 5, 2014, Defendant Werner Enterprises, Inc. was the owner of the vehicle operated by Robert E. Haverstock.

25. Defendant Werner Enterprises, Inc. entrusted the vehicle to Robert E. Haverstock, a reckless and incompetent driver.

26. Defendant Werner Enterprises, Inc. knew, or through the exercise of reasonable care should have known, that Robert E. Haverstock was a reckless and incompetent driver.

27. As described herein, Robert E. Haverstock was negligent on the occasion in question.

28. Robert E. Haverstock's negligence was the proximate cause of Plaintiff's damages.

## EXEMPLARY DAMAGES

29. Defendant Robert E. Haverstock's acts or omissions described above, when viewed from the standpoint of Defendant Robert E. Haverstock at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Robert E. Haverstock had actual, subjective awareness

of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

30. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Robert E. Haverstock.

31. Defendant Werner Enterprises, Inc.'s acts or omissions described above, when viewed from the standpoint of Defendant Werner Enterprises, Inc. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Werner Enterprises, Inc. had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

32. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Werner Enterprises, Inc..

### DAMAGES FOR PLAINTIFF, VIVIANNA MARTINEZ

33. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Vivianna Martinez was caused to suffer serious bodily injuries, including but not limited to: injuries to her head, back and neck, among other bodily injuries, and to incur the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Vivianna Martinez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

K. Loss of Household Services in the past;

L. Loss of Household Services in the future;

M. Disfigurement in the past;

N. Disfigurement in the future;

O. Mental anguish in the past;

P. Mental anguish in the future;

Q. Fear of future disease or condition; and

R. Cost of medical monitoring and prevention in the future.

## REQUEST FOR DISCLOSURE TO DEFENDANTS

26. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Vivianna Martinez, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ _____
Sandra Eastwood/ Jerry J. Trevino
Texas Bar No. 00789274/20211228
The Law Offices of Jerry J. Trevino
Email: sandraeastwoodlaw@yahoo.com
3801 South Padre Island Drive
CORPUS CHRISTI, Texas 78415
Tel. (361) 882-5605
Fax. (361) 882-8355
Attorney for Plaintiff
Vivianna Martinez

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**